## THE TOWN OF BYRON VS. THE STATE.

PLEADING. *Indictment against town for neglecting to keep town-line road in repair.*

The statute declares that "the supervisors of each adjoining town, upon laying out a highway upon the line between such towns, shall determine what part of such highway shall be made and kept in repair by each town." *Held,* that an indictment against the town of B. for neglecting to keep in repair a certain part of a certain highway on the line between it and the town of E., was not defective for omitting to aver that the supervisors of said towns, upon laying out such highway, determined that the town of B. should keep in repair that part thereof here in question. An averment that the defendant town was *bound by law* to keep that part of the highway in repair, is sufficient.

ERROR to the Circuit Court for *Fond du Lac* County.

The town of Byron was indicted for neglecting to repair a public highway at a certain point on the line between said town and the adjoining town of Eden; and a verdict of guilty was found, and judgment rendered thereon, which the defendant town brought to this court for review, by writ of error. The record is not now on the files of this court; but the questions presented thereby, and determined by the court, will sufficiently appear from the opinion.

*Coleman & Thorp,* for plaintiff in error, contended, among other things, that the indictment should have set forth *how* the town of Byron became subjected to the duty of making repairs upon that part of the highway which was in question (*State v. King,* 3 Iredell, 411); that nothing can be intended in support of an indictment, nor can it be extended by inference or implication. *People v. Sands,* 1 Johns., 78.

*Knowles & Babcock, contra,* cited *Rex v. Great Broughton,* 5 Burr., 2700; 2 Chitty's Crim. Law, 339, 345; 2 Saund., 158, note 9; 1 Vent., 331; 1 Stra., 187; 2 Term, 11; and they contended that there was evidence before the jury of the obligation of the town of Byron to repair the highway at the place in question, sufficient to support the verdict..

COLE, J.   This is an indictment for a nuisance for neglecting to keep a public highway in proper repair.   It appears that the road in question was upon a town line, between the towns of Eden and Byron.   It is objected that the indictment is defective because it does not show *how* the defendant is bound to keep that portion of the road complained of in repair.   If we understand the objection, it is, that the indictment is defective because it does not show or allege that the supervisors of each adjoining town, upon laying out the highway, determined or assigned to the town of Byron this particular piece of road to be kept in repair by that town.   But it is in substance alleged that the town of Byron was bound by law to repair that portion of the highway therein described, whenever the same was out of repair.   The determination of the supervisors of the adjoining towns that this part of the highway should be kept in repair by the town of Byron, or the fact that the town of Byron assumed that duty so as to have the same rights and be subject to the same liability in relation to that highway as though the same were situated wholly within the town, was purely a matter of evidence.   It is very manifest that unless the defendant was bound to repair the road in question, it could not be indicted for a failure to perform that duty ; and so in effect the circuit court instructed the jury.   The counsel for the defendant cite the case of *State v. King*, 3 Iredell's Law, 411, which was an indictment against an individual for permitting a public bridge to become ruinous which he was. bound to repair ; and the court said, as the defendant was not chargeable with the duty of repairing such bridge of common right, it was essential that the indictment should set forth *how* that duty was imposed upon him.   But that case has but little application to the question under consideration.   For if the defendant was by law bound to repair the highway whenever the same should be out of repair, it was liable to a criminal prosecution for neglect to perform that duty.   The statute charged it with the duty to keep the highways within its limits in repair ; and this obliga-

tion attached to it so far as this particular road was concerned, under the allegation in the indictment. The defendant denied its legal liability to keep this portion of the road in repair, and that was the issue tried. The bill of exceptions does not purport to contain all the evidence, and we must presume that the verdict was abundantly warranted by the testimony. The jury must also have found, under the direction of the court, that there was a legal highway at the place where the alleged nuisance existed, and the defendant was liable for its nonrepair. There was surely evidence to go to the jury upon the question whether the defendant was by law bound to repair this portion of the road, or, in other words, whether it had been assigned to it to make and repair. The jury found against it upon this issue, and also that it had neglected to perform the duty the law imposed upon it. This is all there is of the case.

We think the judgment of the circuit court is correct, and must be affirmed.

*By the Court.* — Judgment affirmed.