THE TOWN OF SAUKVILLE, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 16 — June 1, 1887.*

BRIDGES, *criminal liability for non-repair: Criminal pleading.*

1. In this state, the duty of keeping in repair the highways and bridges is imposed by statute upon the town in which they are located, and an information will lie against a town for failing to repair a bridge, either built or adopted by it, upon a public highway.

2. As our courts take judicial notice of the towns existing in this state, it is not necessary, in an information against a town for neglecting to repair a bridge on a public highway, to allege that the defendant is a duly organized town which is bound by law to keep the same in repair.

3. An averment in such an information that it is the duty of the *inhabitants* of the town to repair the bridge, does not render it seriously defective.

ERROR to the Circuit Court for *Ozaukee* County.

A criminal information was filed against the town of *Saukville* for a failure to repair a bridge, alleged to be a common and public bridge and part of a public highway in that town, such neglect continuing for nearly five years. Upon the trial a verdict of guilty was rendered, and a motion to set aside the verdict and grant a new trial having been denied, the defendant sued out this writ to review the judgment. Such other facts and so much of the pleadings as are necessary to an understanding of the errors assigned and the decision thereon appear in the opinion.

For the plaintiff in error there was a brief by *D. M. Jackson,* attorney, and *Turner & Timlin,* of counsel, and

oral argument by *W. J. Turner*. To the points that towns were under no liability at common law to repair bridges; that no absolute or positive duty in that respect was imposed upon them by statute; and that no indictment would lie against a town for neglect to do so, they cited 2 Dillon Mun. Corp. sec. 785; *Byron v. State*, 35 Wis. 313.

*E. S. Turner*, special district attorney, and *G. W. Foster*, of counsel, for the defendant in error.

COLE, C. J. This is an information against the town for failing and neglecting to repair a common bridge on a public highway. The highway is fully described, and it is alleged that the bridge is upon it crossing the Milwaukee river, and forming a part of the highway. It is averred that the bridge has become broken down and ruinous, so that no person can cross it in any manner whatever; that the inhabitants of the town are bound to repair it when necessary, so that citizens, with their horses and carriages, can pass over it in safety. It is objected that the information is insufficient because it does not aver that the defendant is a duly-organized town which is bound by law to keep the bridge in repair. We suppose courts recognize or take judicial notice of the territorial divisions of the state, such as counties, towns, etc., existing therein. Consequently it would not be necessary either to allege or prove that the defendant town was a duly organized corporation. In the case of a turnpike company bound by its charter, or a private individual liable by prescription, to keep the bridge in repair, a different rule might prevail. But, so far as it concerns the duty of the town to repair the highways and bridges within its limits, the obligation is imposed by statute. It certainly would not be necessary, in an information for a larceny, to allege that stealing was a crime by law. True, it is alleged that the "inhabitants of the town" are bound to repair the bridge, instead of stating that the legal

duty was upon the town itself, but this does not show that the duty of repairing rested upon a corporation or person other than the accused, as counsel contends. The information seems to be according to the old forms of indictment against a county or parish for neglecting to repair a bridge or highway. See 2 Whart. Prec. Ind. 781 *et seq.* Therefore we do not think the information should be held defective because it states that it was the duty of the inhabitants of the town to repair the bridge, instead of averring that the duty rested upon the town itself.

But the same counsel takes higher ground and a more serious objection to the information, namely, that no offense is stated therein. He insists that an information will not lie against a town for neglecting to keep a bridge in repair. His argument is this: that, under our system of government, the electors of the town regulate their own concerns, and determine whether they will maintain a bridge at a particular place or not. Bridges, he says, cannot be built or kept in repair without money, and the officers and electors of the town are restricted by law as to the amount of taxes which shall be raised for the purpose of repairing and building bridges in the town. Since, then, the electors and authorities of the town have a discretion in the matter, and are restricted as to the amount of money which can be raised for the purpose, counsel says it would be an anomaly in the law to subject the town to a criminal prosecution where the officers, in view of all the circumstances, decided not to repair or rebuild a bridge at a particular place. But, as we understand, the principle is well settled that a municipal corporation, or a town even, which owes duties to the public, is liable to indictment for malfeasance as well as non-feasance in respect to these duties. Where the duty is one devolved upon the town by statute, as the keeping in repair highways and bridges in the town in this state is, the neglect to perform this public duty renders the town liable to an indict-

ment.   2 Dill. Mun. Corp. § 745 *et seq.*, and cases cited in notes.   In the case of *Byron v. State*, 35 Wis. 313, an indictment against the town for neglecting to keep in repair a highway was sustained.   It is true, the liability of the town to indictment was not questioned; therefore the decision is not controlling upon the point here.   But we have no doubt that the decision is in harmony with the great weight of authority that an indictment will lie against the town for failing to keep in repair the roads and bridges within its limits as the statute requires.   *State v. Campton*, 2 N. H. 513.   There is no question but under the laws of this state that obligation is imposed upon the town.   It is true, the statute gives the electors of the town power, at the annual town meeting, to vote a tax for the repair of bridges (sec. 776, R. S.; Laws of 1885, ch. 345), and the supervisors are authorized to levy a tax for the same purpose, not to exceed $300, for any one bridge in any year (sec. 1318).   It well may happen that a town might exhaust its power to raise money by taxation, and fail to have sufficient funds to keep in repair all bridges within its limits, as the law contemplates.   As bridges could not be repaired without money, and where the authorities had no funds which could be applied for the purpose, the town would not be subject to a fine for failing to do that which it had no power to do.   So, if it should be made to appear that the town had exhausted its power to raise money, and had none, this would be a good defense to an information for not keeping a bridge in repair.   But this would be purely defensive.   It would be like the case in *State ex rel. Winslow v. Sup'rs of Mt. Vernon*, 16 Wis. 614, where it was held a sufficient answer to a *mandamus* that the town authorities had no means to build or repair the bridge which it was sought to compel them to repair.

If it appeared in this case that the electors of the town had voted that it was not necessary to repair the bridge in

question, that the interests and convenience of the public did not demand it, or that the town had no money which could be appropriated for the purpose, it would manifestly be unjust to impose a fine upon the town for the alleged omission of duty. But no such facts were shown, or defense made on the trial. The question litigated was whether the town had adopted the bridge so as to be liable for its repair. The bridge was originally built by private parties, and the defense was that the town had never adopted it as a part of the highway. Upon the evidence, the jury found against the town on this point; so that the simple question presented is, should the town be subject to a fine for a wilful neglect of a public duty to keep the bridge in repair? The bridge was carried away by a flood in 1881, and it does not appear that the town has made any efforts to rebuild it, and no excuse was shown for this misconduct. It is unnecessary to say that this was a continuing neglect of duty, and the statute of limitations did not bar the prosecution.

*By the Court.*— In view of all the facts, we think the conviction was right, and that the judgment must be affirmed.